FILED

# United States District Court
### Eastern District of North Carolina
### Western Division

JAN 0 7 2019

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Case No. _____

(To be filled out by Clerk's Office only)

James C. McNeill

_____

Inmate Number 0275601

*(In the space above enter the full name(s) of the plaintiff(s).)*

Rene Smith-Harris, Eldridge Walker  -against-
Jhonny Hawkins, Lieutenan Bianca Pirtle
Thomas McCurdy, Charlotte Williams,
Erik Hooks, Kenneth J. White, Billy O. cooper
Sgt David Gillis, Sgt J. Curtis Jones, Chiequita Lucas
Sgt. (FNU) Wilson

**COMPLAINT**
*(Pro Se* Prisoner)

Jury Demand?

☑ Yes

☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only:* the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## I.    COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑   42 U.S.C. § 1983 (state, county, or municipal defendants)

☐   Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐   Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II.    PLAINTIFF INFORMATION

James C. McNeill
**Name**

0275601
**Prisoner ID #**

Polk Correctional Institution H-CON Unit
**Place of Detention**

1,000 Veazy Road P.O.Box 2500
**Institutional Address**

Butner          NC                    27509
**City**                        **State**                    **Zip Code**

## III.    PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐   Pretrial detainee   ☐   State   ☐   Federal
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced state prisoner
☐   Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: Rene Smith-Harris
Name   Grievance responder, Grievance screener
PREA Investigator, PREA Grievance Screener
Correctional Captain, PREA Compliance Manager
Current Job Title

PO Box 2500 1,001 Veazy Road
Current Work Address

Butner              NC              27509
City                State           Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

Defendant 2: Bianca Pirtle
Name   Grievance Screener, Grievance responder
Correctional Lieutenant, PREA Compliance Manager
Current Job Title

PO Box 2500 1,001 Veazy Road
Current Work Address

Butner              NC              27509
City                State           Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both

**Defendant(s) Continued**

Defendant 3: CHArlotte WIllians
Name

NC Dept of Public Safty PREA Office Administrat
Current Job Title

831 West Morgan Street
Current Work Address

Raleigh    NC    .    27603
City    State    Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both


Defendant 4: Erik Hooks
Name

N.C. Dept of Public Safty Secretary of Prisons
Current Job Title

831 West Morgan Street
Current Work Address

RAleigh    NC    27603
City    State    Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☑ Both


All other defendants Named Are sued
In there Indwidure And Official cApaeity
And there Work Address is: Polk Correctional
INStitution PO Box 2500 Butner NC 27809
2001 Veazy Road. See Attachments

Defendants continued

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Polk Correctional Instatution

Date(s) of occurrence: Oct. 6, 2018, Oct 5, 2018, November 1, 2018, November 29, 2018, Nov. 16, 2018, December 6, 2018, Dec 13, 2018

State which of your federal constitutional or federal statutory rights have been violated:

8th Amendment And 14th Amendment of the US Constitution

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

SEE COMPlaint Facts Attached

**Who did what to you?**

**What
happened
to you?**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**When did it
happen to
you?**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Where did it
happen to
you?**

_____
_____
_____
_____
_____
_____
_____
_____

Case 5:19-ct-03010-D    Document 1    Filed 01/07/19    Page 6 of 33

**What was your injury?**

Case 5:19-ct-03010-D     Document 1     Filed 01/07/19     Page 7 of 33

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?   ☑ Yes   ☐ No

If no, explain why not:

_____

_____

_____

_____

_____

Is the grievance process completed?   ☑ Yes   ☐ No

If no, explain why not:

_____

_____

_____

_____

_____

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

SEE COMPLAINT pg 23 For RelieF Attached

_____

_____

_____

_____

_____

_____

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?    ☑ Yes  ☐ No

If yes, how many?    10 Federal

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

① McNeill vs. Joyner et al, EDNC 5:15-CT-3144-D 8th & 14th Amend violations Dismissed At Def. Motion For Summary Judgement

② McNeill vs. Norris et al, EDNC 5:15-CT-3193-D 8th & 14th Amend violations Dismissed At Def. Motion For Summary Judgement

③ McNeill vs. Taylor et al EDNC #5:18-Ct-3225-FL 8th & 14th Violations pending

④ McNeill vs. Local et al EDNC #15:18-Ct-3266-BO 8th & 14th Violations pending

⑤ McNeill vs Thompson et al, WDNC 3:18-CV-188-FDW 8th & 14th violations pending

⑥ McNeill vs Herring et al, WDNC 3:18-CV-18 -FDW 8th & 14th Violations pending

⑦ McNeill vs Poole et al, MDNC #1:17-CV-924-CB-JLW 8th & 14th violations pending

⑧ McNeill vs Gaddy et al, MDNC 1:18-CV-786-UB-JLW 8th & 14th violations pending

⑨ McNeill vs Britt et al, MDNC 1:18-CV-800-(CB-JLW 8th & 14th violations pending

⑩ McNeill vs Melvin et al EDNC 8th & 14th violation Dismissed At Defendant Motion For Summary Judgement

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

January 1, 2019
Dated

James C. McNeill
Plaintiff's Signature

James C. McNeill
Printed Name

02 75601
Prison Identification #

PO Box 2500 Butner    NC 27509
Prison Address        City        State    Zip Code

# COMPLAINT Pg ①

1. This is an action under 42 U.S.C. § 1983 by Plaintiff James C. McNeill, A person confined by the State of North Carolina. This action is brought against employees of the North Carolina Department of Public Safety - Division of Prisons At Polk Correctional Institution where he is confined in Butner North Carolina. This Action is brought against these defendants for denying Plaintiff due process protections with respect to (11) disciplinary proceedings And for committing Numerous Acts of sexual harassment against Plaintiff by Defendants who retaliated against Plaintiff for reporting the sexual harassment and abusive behavior in Officials. The Actions of the Defendants alleged in this complaint violated the Plaintiff's rights under the Fourteenth and Eighth Amendments to the United States Constitution. The Plaintiff seeks compensatory and punitive damage

## JURISDICTION

2. The jurisdiction of this Court over the claims of the Plaintiff is Authorized by 28 U.S.C. § 1331 in that the claims Arose under the Constitution of the United States; And by 28 U.S.C § 1343 in that the claims Are for redress of A deprivation under color of state law of rights secured by the Fourteenth and Eighth Amendments to the Constitution of the United States

# VENUE

3. Venue is Appropriate in this Court, pursuant to 28 U.S.C. §1391(b), because the events And omissions giving rise to Plaintiffs claims occurred within the Eastern District of North Carolina. The Plaintiff resides in the Eastern District And; And on information And belief, the Defendant resides in the Eastern District

## PARTIES

4. Plaintiff James C. McNeill is confined by State of North Carolina As A Convicted prisoner. At All times to this complaint, he has been confined At Polk Correctional Institution.

5. Defendant Chicquita A. Lucas was A disciplinary hearing Officer, employed by the State of North Carolina And responsible for overseeing disciplinary hearing matter At All times relevant to this complaint. She is sued in her Official And individual capacity for her Actions And omissions in denying the Plaintiff due process protections with respect to Eleven disciplinary hearings And depriving the Plaintiff to be Free From cruel And unusual punishments.

6. Defendants Sergeant J. Curtis Jones And Sergeant FNU Willson Are sued in there Official And individual capacity For there Acts And omissions in committing A sexual harass

ment's against the Plaintiff that he reported in Filed grievance then retaliating against him by denying him due process protections

7. Defendants Polk Superintendant Jhonny Hawkins, Assistant Superintendant Billy O. Cooper H-Con Unit Administrator, H-Con Unit Manager Eldridge Walker and Assistant Unit Manager Kenneth J. White employed by the State of North Carolina and responsible for overseeing custody matters on Plaintiff's Segregated Housing Unit at all times relevant to this complaint. They are sued in there sued in there office in and individual capacity from there actions and omissions in denying the Plaintiff due process protections and depriving the Plaintiff to be Free From cruel and unusual punishment.

8. Defendants Charlotte Williams and Erik Hooks Are employed by the NCDPS-Prisons as P.R.E.A. Office Adm-inistrator and Secretary of Prisons are sued in there official and individual capacity For there acts and omissions in de-nying the Plaintiff due process protections and depriving the Plaintiff to be Free From cruel and unusual punishment

9. Defendant Renee Smith Harris is a correctional captain and PREA compliance Manager employed by the State of North Carolina at Polk Correctional Institution responsible for overseeing the PREA matters (sexual harass

ment (Complaints) And Enforcing Compliance with the N/CDPS Inmate Sexual Abuse and Sexual harassment Policy ("PREA Policy") At All times relevant to this complaint She is sued in her official and individual capacity for her acts and omissions in denying the Plaintiff due process protections with respect to (11) Eleven disciplinary proceedings And depriving Plaintiff of rights to be free from cruel And unusual punishments.

10. Defendant Correctional Lieutenant BIANCA Pirtle starting in First half of December 2018 replaced Capt. Smith-Harris on Paper as Polk Correctional Institution PREA Compliance Manager responsible for Enforcing Compliance with "PREA Policy" And instructing And making sure three Named Alleged Abusers remain seperated from the Alleged Victim while Sexual harassment "PREA" complaint investigation is pending. Lt Pirtle is sued in her official And individual capacity for her Actions and omissions in denying the Plaintiff due process protections And depriving the Plaintiff his right to be free from cruel and unusual punishment.

11. Defendant Sergeant DAVID Collis And CAPTAIN THOMAS McCurd Are employed by the State of North Carolina At Polk Correctional Institution in Butner North Carolina. They are sued in there official And individual capacity for there Actions And omissions in denying Plaintiff due process protections And depriving him the Right to be free from CRUE And UNUSUAL Punishment.

# COMPLAINTS

## FACTS

12. ON October 5, 2018 At 11:05 AM After calling the PLAINTIFF A bitch And threatening to Assault him All morning Sgt. Wilson refused to feed PLAINTIFF lunch meal this was witnessed by Nurse Coles And conspirators correctional officers Rice And Smith. This caused the PLAINTIFF CHest PAINS due to him taking High blood pressure medicine And being denied his meal After being repeatedly threatened And verbally abused by Sgt Wilson. PLAINTIFF Attempted to summon/call C/os Smith And Rice to report CHest PAINS And medical Attention. These Two correctional officers Following orders And directives given to them by Eldridge Walker And Admitted by Sgt Wilson repeatedly Ignored PLAINTIFF putting him At risk of death And being deliberately Indifferent to his serious medical Needs this was witnessed by INMATE Cornelius Benton who made A (3) three page written statement On October 11, 2018 Against both Sgt Wilson And C/o Rice. After C/o Rice Also called PLAINTIFF derogatory Names And Sgt Wilson stood At INMAte Bentons cell window And bragged About telling All correctional officers on his shift on Unit to Ignore PLAINTIFF And NOT to take Any of his written Verbal request or stop At his cell. Sgt J. Curtis Jones took my 4 page written statement and Inmate Benton 3 page written statement on 10-11-18 After Sgt Wilsons Alleged bogus disciplinary to cover Up his Acts Of 10-5-18 & 10-6-11 that PLAINTIFF reported In Grievance No. 3980-2018-HEDC-0630.

On October 6, 2018 At 4:45pm Sgt Wilson committed An Act Of sexual Harassment Against the PLAINTIFF by grabbing his crotch

# COMPLAINT

to taunt the PLAINTIFF After he gave the Plaintiff the middle Finger And PLAINTIFF told him what he could do with it. This was witnessed by conspirators Correctional Officers Rice And Smith. Nurse Klimon was present And Sgt Wilson held a hand held camcorder in his left hand pointed At me the entire time. Plaintiff contends that Videofootage was deliberately erased if on to cover up incriminating acts of Sgt Wilson. Cell Neighbor to Plaintiff who Plaintiff Shared Sallyport Area with Inmate Cornelius Benton included this Sexual harassment incident in his written statement made on 10-11-18. Plaintiff Grievance No. 06304 was Exhausted All (3) Steps. Sgt Wilson continued threatening, verbally abusing and committing several Acts of sexual harassment in word And gesture. Plaintiff reported to Assistant Unit Manager Kenneth J. White And PREA Support Person James Knight on 10-5-18 the threats, Abusive long use Name calling And, refusal to Feed him And orders to Staff not to check on his well being by Sgt Wilson. Kenneth J. White And James Knight took No Action And Sgt Wilson continued, committing Acts Sexual harassment Act the Following day 10-6-18.

13. Plaintiff reported to Superintendant Thomas Hawkins And Assistant Superintendant Billy O Cooper On July 26, 2018 that he had Won A Lawsuit N.C. IC TA-18244 On March 9, 2018 NAMing PREA Compliance Manager Rene Smith-Harris And that he Won A Jury Trial In Granville County District Court Small Claims Division 03-CV-876 After Plaintiff Subpoenaed And questioned her on Witness Stand About her removing A

# COMPLAINT

KORAN from his cell on MAY 23, 2008 that he was using as a Study guide. Rene Smith-Harris lied under oath about her theft of item and Holy Bible. Plaintiff exposed the lies to the Jury and won unanimous verdict in his favor. These facts created a conflict of interest in matters of staff complaints filed by Plaintiff overseen by Capt Rene Smith-Harris. With such knowledge Polk Superintendant Jhonny Hawkins and Asst Supt-H-con Billy O Cooper Still assigned Rene Smith Harris to be a PREA Investigator into sexual harrassment PREA complaints filed by Plaintiff. On October 4, 2018 Afternoon while Kenneth J. White was at Plaintiff cell door with handheld camera in hand aimed at Plaintiff cell recording PREA Compliance Manager Rene Smith-Harris and Eldridge Walker Entered Sallyport approached Plaintiff cell, Rene Smith Harris stated to Plaintiff "So you're refusing to come out" Plaintiff asked her was she PREA Investigator and she replied "yes". Plaintiff then stated that she had a conflict of interest due to being named in previous litigation that he won including successful Jury Trial where Plaintiff questioned Rene Smith Harris and Exposed lies to the jury that she told under oath. Plaintiff declined to be Interviewed by "PREA Investigator" Rene Smith who had a conflict of interest and was in violation of "PREA" Inmate Sexual Abuse and Sexual Harassment Policy. 3406 (7)(A)(iii) Conflict of Interest, see Attachment page (24). Rene Smith Harris Never informed Plaintiff of which 2 PREA complaint case(s) she was assigned to

# COMPLAINT

As PREA Investigator. She never identified cases by PREA case Number, None of the sexual harassment PREA complaints have ever been identified by PREA case Number to the Plaintiff A violation of attached DPS Policy and Due Process Protections being that the Plaintiff was charged with Disciplinary charges for Allegedly making unfounded PREA complaints and found guilty by Disciplinary Hearing Officer Lucas. This includes unidentified PREA complaints that Rene Smith Harris was assigned to As PREA Investigator.

14. On September 11, 2018 captain Thomas McCurdy and Sgt Wilson violated PREA Confidentiality Rights by Capt. McCurdy As PREA Investigator inviting Sgt Wilson, C/o Ayscue, + C/o Vanden Dool inside the office to stay during A P.REA Complaint interview. This was a violation of Plaintiff Due Process rights because PREA complaint resulted in disciplinary charges brought by Rene Smith Harris. Plaintiff declined to take part in PREA complaint interview where there was No PREA compliance to DPS "PREA" Policy. See attached Grievance No. 3980-2018-HCDL-06273

15. On October 6, 2018 At 5:22 Am Sergeant J. Curtis Jones sexually harassed me by Fondling himself with his hand inside his pants standing in front of me at my cell door. See Attached Grievance No. 3980-2018-HCDL-09282. Plaintiff Names Sgt Jones As A defendant for violating his due process rights because he was Assigned by Defendants Walker And White As A disciplinary investi-

# COMPLAINT

1. gator into Disciplinary brought by Rene Smith-Harris "Alledging sexual Harrissment PREA Complaint he made was "Unfounded". Sgt T. Curtis Jones recommended disciplinary Charges after violating Plaintiff's due Process rights on November 29, 2018 at about 6:50pm

16. On November 19, 2018 At Around 7:26am correctional Officer Tilley made Lewid Homosexual remarks to Plaintiff of A sexual nature with Sergeant David Gillis present participating in misconduct by being a non reporting party and staff using profane language towards Plaintiff. Plaintiff reported this in Grievance No. 3980-2018-HEDL-09296 Dated November 19, 2018 Attached to this complaint. Subsequently both retaliated by Violated Plaintiff Due Process protections by Falsifying Disciplinary records to deny Plaintiff right to attend disciplinary hearings and make written statements in his defense explained and listed below.

17. On October 3, 2018 PREA Grievance *STAFF R. WIMBUSH* came to Plaintiff's cell with other conspirators. R. Wimbush became enraged when Plaintiff tried to hand her a PREA Complaint Grievance. R. Wimbush made A bogus disciplinary Allegation against Plaintiff investigated by Sgt Gillis. On November 2, 2018 Defendant Disciplinary Hearing Officer Chicquitta Lucas violated my due process rights by Falsifying Disiciplinary Record of Hearing summary documents by Recording And typing up summary

# COMPLAINT

Record of hearing AND Falsely listing SHARON R King As the Recorder "D.HO" LUCAS MALICIOUSLY FALSIFIED document by stating that PLAINTIFF stated during the hearing "He didn't care what I do, He got life, Everybody cuss Around here And he's A GROWN MAN."

D.HO LUCAS did Not Allow Evidence PLAINTIFF requested AND FOUND PLAINTIFF Guilty OF B-24 + B-25 disciplinary charges imposing punishments OF 20 days RHDD, 30 days credit time loss, 40 hrs Extra duty AND 60 days suspension OF Visitation, CANTEEN priveleges. The Guilty Verdict imposed Also results in the PLAINTIFF being housed on High Intensive MAXIMUM Control "H-CON" "Supermax" Segregation in Excess OF 1½ months ON Segregation Housing Unit "SHU" Cruel + Unusual Punishment.

18. ON October 4, 2018 At 10:06AM DEFENDANT Eldridge WALKER Accompanied MAILroom staff Ms. WArd to PLAINTIFF'S cell. PLAINTIFF said something to Mr. WALKER About not reading his Legal MAIL As he was doing As MAIL Lately went through contents. PLAINTIFF At that time had Active Civil Action in this Court NAMING him, Chicquita A. LUCAS, C/o Tilley, C/o Rice, Sgt. Burnette-Tapley And Sgt Wilson As DEFENDANTS. Eldridge WALKER in retaliation when PLAINTIFF mentioned this Falsely Claimed PLAINTIFF used Profane LANGuage towards him. Sgt Collins was Assigned Investigating Officer-PLAINTIFF MADE A 4 pg Statement. IN Violation OF PLAINTIFF'S Due Process Protections Eldridge WALKER came to PLAINTIFF'S cell on 10-22-18 At 8:30 Am Knocked on cell window And Asked PLAINTIFF how he Plead to these B-24 And B-25 disciplinary CHArges that he Alleged. PLAINTIFF Pled Not guilty AND Eldridge WALKER called PLAINTIFF A "Lying bitch". Eldridge WALKER HAD DORRINE WATTS FAlsify documents As WATTS was the

# COMPLAINT

Charging Officer And the person who took the Plaintiffs Not Guilty Plea. On November 1, 2018 At About 8:15am Plaintiff Attended hearing on Disciplinary charges B-24 & B-25. In Retaliation of Plaintiff coming out Attending hearing he was Assaulted by C/o Speed Assisted by C/o Tilley And C/o Hargrove who was Assisting C/o Speed escorting Plaintiff to Disciplinary Hearing. Plaintiff was still complaining About this when entering Disciplinary Hearing Room in Full mechanical restraints cuffed from the back with Legshackles. Sgt Gillis who was Unit Supervisor present covered up Incident up And DHO Lucas thought Plaintiff getting Assaulted was Funny. Plaintiff Pled not guilty DHO Lucas Refused to let Plaintiff explain why he was not guilty. DHO Lucas did not deliberate she Automatically with out Pause After Asking Plaintiff how he Pled said "well I Find you Guilty". She Falsified the record of hearing by being the one doing All the typing And recording but listing on document records that SHANA K King was the Recorder. DHO Lucas refused to Allow Evidence Plaintiff requested. DHO Lucas Falsified record by lying on Plaintiff stating "During the Hearing, The Offender Stated he didn't care what I do, He got life, everybody cuss Around here And he's A Grown man" DHO Lucas Found Plaintiff Guilty of B-24 & B-25 charges imposing punishments of 20 days RHDP, 30 days credit time loss, 40 hrs extra-duty And 60 days suspension of Visitation, canteen, Radio And telephone privileges. The Guilty Verdict imposed Also results in the Plaintiff being housed on High Intensive Maximum Control "H-CON" Super-max" Segregation in excess of 18 months on Segregation Housing Unit "SHU" Cruel And Unusual Punishment.

# COMPLAINT

19. On 10-22-18 at about 2:30 pm Sergeant DAVID Gillis came to the Plain-
tiff's cell in violation of due process rights of Plaintiff as investigating
officer into a Oct 8, 2018 incident with C/o Tilley where he was a witness.
Plaintiff requested a witness statement from him since he denied it. Plaintiff
which means Along with C/o Tilley, confiscated all of Plaintiffs
Legal Property with him having over 20 Active lawsuits against
C/o Tilley, Elariaye Walker, D/to Lucas Thenny Hawkins and other Prison
Officers. Plaintiff Also requested written statement from Nurse
Allesha Coles who witnessed C/o Tilley contaminate Plaintiffs prescription
medication while she was in the performance of her duties dispensing
it. Nurse Coles made this statement against C/o Tilley. Sgt Gillis cover-
up was exposed and he had to trash bogus disciplinary packet. However
to make up for this he fictitiously alleged that Plaintiff used profane
language towards him at the time he was at Plaintiffs cell as a investi-
gating officer on 10-22-18. In violation of DPS Sexual harassment & Abuse "PREA"
Policy Defendants Hawkins, Asst. Supt Cooper, And PREA Compliance
Managers Rene Smith-Harris and Bianch Pirtle assigned Sgt (Fnu) Wilson
As disciplinary investigating officer while Plaintiff had a active PREA
Sexual harassment against him and Allowed him to violate the "Remain
Seperated No-contact Policy" by coming to the Plaintiffs cell on November
24, 2018 cussed Plaintiff, called him derogatory names, refused to read the
Allegations And denied Plaintiff opportunity to make A written statement.
Plaintiff reported this to Supt Thenny Hawkins and PREA Compliance Mana-
ger Rene Smith-Harris and NCDPS PREA Office Administrator Defendants
Charlotte Williams And Dorrine Harris. This was disregarded And

# COMPLAINT

Correctonal Housing Unit Manager Assistant Unit Mgr Dorrine Housing Harris still Charged PLAINTIFF on 10-29-18 with a B-24 & B-25 disciplinary Charges. On November 1, 2018 PLAINTIFF reported all of these violations to Defendant D. Ho Chlequita Lucas at hearing. Also Pointing out conflict of Interest issue by Sgt Wilson recommending Charges as a Investigating officer while "PREA" Policy was being violated that States. 03406 (E)(7)(A)(vi)(I) "Alleged Staff Abuser-Still remain seperated From the victim until the conclusion of the investigation. This may require reassignment or placement on investigative status pending the investigation" See COMPLAINT Attachments page [25]. D.Ho Lucas ignored all violations And the PLAINTIFF Not guilty Assertion. D.Ho Falsified Record of Hearing Summary Not recording Anything PLAINTIFF said relating to violation of his due process rights by Sgt Wilson, Instead D.Ho Lucas Falsely stated "During the hearing, the offender stated he didnt care what I do, He got Life, Everybody cuss around here And he's a grown man" D.Ho Lucas Falsified record listing Sharon King As recorder when PLAINTIFF watched D.Ho Lucas do all of the typing And recording while Sharon King sat idle. D.Ho Lucas imposed Punishments when finding PLAINTIFF guilty of 20 days RHDP 30 days credit time loss 90 hours extra duty 60 days suspension of visitation, canteen, telephone And radio

# COMPLAINT

The Guilty Verdict imposed also results in the Plaintiff being housed on High Intensive Maximum Control "14-CON" Super-Max Segregation in excess of 18 months on Segregation Housing Unit (SHU). Cruel and unusual punishment

20. On November 20, 2018 at about 8:20 Am Defendant Captain thomas McCurdy charged the Plaintiff with a A-18 disciplinary charge for Defendant Rene Smith-Harris Alleging that Plaintiff made a false "Unfounded" PREA Complaint in PREA CASE #18-3980-00664 that has Never been identified to the Plaintiff in Violation of his Due Process rights. Defendant Sgt J. Curtis Jones whom Plaintiff had a pending PREA Complaint on refused to identify which PREA case was the subject of disciplinary Actions by content (Against which staff member). Sgt J.C. Jones never gave Plaintiff written Statement Form due to Plaintiff telling him he was violating his disciplinary rights On November 29, 2018 at 11:16 Am DHO Lucas heard the Disciplinary case outside the Presence of Plaintiff. Plaintiff was never given an opportunity to Attend hearing. Documents were Falsified Plaintiff received a copy of fabricated documents stating in Record of hearing correctionrl Officer Tilley and "Steed" Witnessed Plaintiff refuse to sign a DC-138B and DC-138-6 Forms that were completed. These are lies. At no time during the day did

# COMPLAINT

did C/o Tilley And C/o "Steed" or C/o Speed come to Plaintiffs cell together. At no time did they bring Any form for Plaintiff to sign. Video Surveillance footage Will verify the fact. A Surveillance camera is posted on wall Aimed At Plaintiffs cell. DHO Lucas found Plaintiff guilty imposing punishments of 30 days RHDP 50 hrs Extra duty, 90 days Suspension of Phone, canteen, Telephone And Visitation. DHO Lucas imposing guilty verdict results in Plaintiff being housed in "H con" Super Max in Excess of 18 months on A Segregated Housing Unit. SHU. Plaintiff Appealed Verdict upheld

21. In Violation of Plaintiff's due process rights And 8th Amendment rights on November 16, 2018 At 7:34 Am while Sex on Harassment complaint Against him was Pending Sgt. Tony Wilson came to Plaintiff's celldoor And Stated to Plaintiff " Lieutenant Rene Smith—Harris wrote you up. What do you want to do bitch? Write A Statement or Suck my Dick!" Plaintiff Ignored him And Sgt Wilson Walked out taunting Plaintiff while grabbing his crotch And Saying "bitch, bitch, dicksucking bitch" Plaintiff Filed Grievance No. 3980-2018-14DC-09292 copy Attached in "Complaint Attachments" Capt. McCurdy Violated Plaintiff's due process rights by still charging Plaintiff with A A-18 disciplinary charge on November 20, 2018 Ignoring Sgt Wilson Violations I reported. Capt McCurdy Also refused to ~~investigate Sgt~~ ~~Wilson or reference his Vioet to falsely charge~~ Read or show me written statement written by Rene Smith-Harris.

# COMPLAINT

ON November 29, 2018 PLAINTIFF was given no opportun-
ity to attend Disciplinary Hearing Video Footage of Block
Surveillance verifies that At No time during that day did
C/o Tilley And C/o Steed or Speed come to PLAINTIFF's cell
together or bring DC-138-B & DC-138-B Forms As Ditto
WCAS record OF Hearing States that these 2 witness-
ed Plaintiff refuse to sign both forms. Forms were Nev-
er brought to Plaintiffs cell. Ditto WCAS imposed punish-
ments of 20 days RHDD 30 days credit time loss, 40 hrs
Extra duty, 60 days suspension of Canteen And telephone.
Ditto WCAS Guilty verdict results in Plaintiff being housed
in "H-CON" Supermax in Excess of 18 months on a segregation
housing Unit "SAU" Plaintiff Appealed Verdict upheld in Relation
To this charge PLAINTIFF was Never served written re-
ciept of charge Even though Eldridge Walker came to Plaint
iffs cell on 11-17-18 3:05pm with C/o Herena And Asked
PLAINTIFF how he Plead. He ignored Sgt Wilson violations
Since he is responsible For Assigning him to case out of
Spite And corruption. He maliciously taunted PLAINTIFF
+ refused to give him copy of charge.

22. On November 7, 2018 Mr Buckner came to Plaintiffs
cell At About 9:30Am PLAINTIFF Asked him was he PREA
Investigator. Mr Buckner replied "NO". PLAINTIFF then told
Mr Buckner that he was in bed that he didn't Feel well So
he didn't want to come out + talk to him but stated

# COMPLAINT

that he did WANT to sign ~~PAPER~~ for PREA Support Services. Plaintiff Asked Mr. Buckner to come to his cell door so he could sign paper for victim support services. Mr. Buckner who never told Plaintiff his NAM said "I'll be back let me go do my paperwork First" Mr. Buckner never came back. Plaintiff wrote his case manager Michael Henderson reporting it And Asking the NAME of Mr. Buckner ~~And this~~ his title. The Following Morning At Around 9:20 Am 11-8-18 Sgt T. Jones came to Plaintiff's cell identifying herself As investigating officer who disciplinary Allegations Mr. Buckner made stating Plaintiff used ~~profane~~ language towards him on 11-2-18. ~~The~~ previous day. Plaintiff told Sgt T. Jones that he never cussed Mr. Buckner when he came And refused to let him sign paper for PREA Support Services Plaintiff wrote A one page statement And requested witnesses And Evidence from Michael Henderson. Plaintiff Asked Sgt T. Jones was she related to Sgt J. Curtis Jones who he had Filed sexual harassment complaints Against. Sgt T. Jones replied to Plaintiff "Yea that's my people, leave him Alone!" That statement gave Sgt T. Jones A conflict of interest As investigating officer. She refered disciplinary charges. ON Nov 9, 2018 Around 9:07 Am Eldridge came to Plaintiff's cell said he was charging him with A B-24 And Plaintiff Plead Not guilty. ON 11-29-18 Plaintiff was given no opportunity to Attend disciplinary

# COMPLAINT

hearing. DHO Lucas Falsified Record of Hearing Summary with Fabrications of C/o Tilley + C/o Stead' speed contending that they witnessed Plaintiff refuse to sign forms DC-138-B And DC-138 C. DHO Lucas Found Plaintiff Guilty imposing Punishments of 20 days RHDP, 30 days credit time loss, 40 hrs extra duty, 60 days suspension visitation And radio. Nowhere in record did DHO Lucas say She reviewed evidence I requested. DHO Lucas Guilty Verdict results in Plaintiff being housed on "H-Con" Super Max Segregation (SHU) in excess of 18 months. Plaintiff Appealed verdict upheld.

23. On December 4, 2018 Capt McCurdy served Plaintiff A Copy of A A-13 disciplinary charge where Sgt J. Curtis Jones sent C/o Baskerville to Plaintiff's cell with drug test. Plaintiff told C/o Baskerville that Sgt J. Curtis Jones was harassing him that he had just took A drug test 3 wks prior administered by C/o Baskerville who took that As A No but never gave Plaintiff cup For specimen As he walked At delldoor For it. Plaintiff plead not Guilty. On December 6, 2018 Plaintiff was Never given An opportunity to Attend hearing - C/o Rice And C/o Jessie fictitiously stated that they witnessed Plaintiff refuse to Attend hearing And sign DC 138-B And DC-138 C Forms According to DHO Lucas Record of Hearing Summary. Video Footage of cellblock surveillance camera will Verify that C/o Rice And C/o Jessie Never came to Plaintiff's cell on

12-6-18 Furthermore These Two Never even came on the Plaintiffs cellblock Lower D-Block or A-Con Unit at Polk Correctional Institution. DHo Lucas Found Plaintiff guilty of A-13 Charge imposing punishments 30 days, 60 days credit time less, 50hrs extra duty, 90 days suspension of Canteen, Visitation and Telephone privileges. DHo Lucas guilty verdict results in plaintiff being housed on A-con Supermax Segregation in excess of 18 months. Plaintiff Appealed verdict upheld.

24. On November 29, 2018 capt Thomas McCurdy came to Plaintiffs cell charging him with a A-18 for Defendant capt Rene Smith-Harris saying Plaintiff made a unfounded PREA Complaint Numbered 14 18-3980-00235. Cmpt McCurdy would not Identify PREA complaint by content of which staff member it was against. Neither would investigating officer both violating Plaintiff Due Process protections making it impossible for him to form a formidable defense by not knowing which PREA complaint he was being written up and charged for Co Rice and Co Jessie According to DHo Lucas record of Hearing Summary witnessed the Plaintiff refuse to Attend hearing and sign DC-B8-B4 DC-B386 forms. In all Actuality Co Jessie + Co Rice Never came to Plaintiffs cell or on Plaintiffs cellblock on 12-6-18 cellblock surveillance camera footage verify evidence of Hes And

Wide spread corruption into the PREA AND DISCIP-
LINARY Process. C/O Teller + C/O Rice Never brought any
Form to Plaintiff to sign on 12-6-18. DHO Lucas
imposed PUNISHMENTS of 30 days RHDP, 60 days cred-
it time Loss, 50 hrs extra duty, 90 day suspension of Can-
teen, visitation + telephone. DHO Lucas verdict of guilty
results in Plaintiff being housed in H-Con Super-max
segregation in excess of 18 months. Plaintiff filed
Appeal Verdict upheld

25. INvestigating Officer Sgt. Hester Never told Plaintiff
Which staff the (3) PREA complaints the Captain PREA Com-
pliance Manager Rene Smith-Harris had written the Plaintiff
up on disciplinary Forms for Allegy he made unfounded
PREA Complaints. Sgt Hester continued violating Plaintiff Due
Process rights by rushing off Not offering Plaintiff DC-138B
Forms once Plaintiff tried to hand him A PREA complaint Against
C/O Long + C/O Corbett for making obscene remarks to Plaintiff. Sgt
Hester left PREA complaint on Sally port Floor And rushed out of
Sallyport. On December 7, 2018 Capt Thomas McCurdy served (3) A+B
disciplinary CHarges upon the Plaintiff for making PREA Complaints
# 18-3980-00768, #18-3980-00777, + #18-3980-00700. Capt McCur-
dy refused to identify PreA complaints to Plaintiff by which Staff
Plaintiff filed them Against. ON December 13, 2018 Plaintiff
refused to go to Disciplinary Hearing due to C/o Llereno, C/o Spence
And C/o Smith being designated to escort him Hands on After cutting

AND shACKling him. PLAINtiff did Not want Co Herena touching due to him having a sexual harrassment complaint against him twice And collaborating with Clo Tilley othu times while he made remarks Categorized under DPS Policy as Sexual harrassment. Co Spence has been a witness And Non reporting party in sexual harrassment Acts committed by Co Tilley. Co Spence was a witness And Collaborator with Sgt Wilson laughing And sometimes commenting when he spewed Abusive And obsceney profane And Indecent remarks + language toward Plaintiff. Co Spence And Co Smith Never brought the Plaintiff DC-138 B + DC-138 6 Forms so he could document his reason for not Attending hearing. However record of Hearing summary by DHO Lucas Falsely states Co Spence + Co Smith witnessed Plaintiff refuse to sign DC-138-B And DC-138 6 Forms. DHO Lucas Found Plaintiff Guilty of (3) A-18 charges And imposed punishment of 90 days RHDP, 180 days credit time loss, 150 hrs Extra duty, 270 days Suspension of Telephone, Visitation And Canteen privileges. DHO Chiequita Lucas Guilty verdict results in Plaintiff being housed on 14-Con Supermax Segregation on a SHU In Excess of 18 months. Plaintiff Appealed Verdict was upheld.

26. Defendants Jhonny Hawkins, Charlotte williams, Kenneth Erik Hooks, Billy O. Cooper were repeatedly contacted in writing to All violations listed Above And repeatedly condoned, Aided or Assisted In PREA policy not being completely Enforced, repeatedly violated Another DUE Process violations. See Compl-

Case 5:19-ct-03140-D   Document 1   Filed 07/07/19   Page 31 of 33

AInt Attachments

27. PLAINTIFF being sexually harrassed and repeatedly verbally Abused, And forced to remain in contact with his Abusers is cruel and unusual punishment As defined in the Eighth Amendment

28. PLAINTIFF being written up and charged with disciplinary charges for reporting sexual harassment and Abuse is cruel and unusual punishment As defined in the Eighth Amendment.

29. PLAINTIFF due process rights being violated confining him to H-CON Supermax Segregation In Excess of 18 months is cruel and unusual punishment causing the PLAINTIFF emotional harm.

30. PLAINTIFF suffered mental anguish, Extreme mental and emotional distress As A result of Defendants Due Process And Eighth Amendment violations committed Against him

31. PLAINTIFF confinement on H-CON Supermax segregation In Excess of 18 months is An Atypical and significant deprivation In relation to the ordinary Incidents of prison life. On November 29, 2018 Polk Programmer Case manager told plaintiff that (18) Eighteen months Is the Average stay on H-CON Supermax Unit without A "write up" disciplinary charge. The Plaintiff has been charged A #18 Administrative For Each charge And Convicted of

# COMPLAINT pg 23.

(11) eleven disciplinary charges as a result of the Defendants due process violations

32. Defendant's actions and omissions violated the Plaintiffs right to be free from cruel and unusual punishment and his conduct was the proximate cause of injury and damage to Plaintiff.

## Exhaustion of Administrative Remedies. (All 3 steps were exhausted in grievances attached)

33. In accordance with 42 U.S.C §1997 e, Plaintiff has exhausted his administrative remedies by filing grievances on issues that he is allowed to file grievances on. (see complaint Attachments) DPS Administrative Remedy Procedure Policy prohibits filing grievances that Appeals any disciplinary Action.

## RELIEF

34. Plaintiff requests Compensatory Damages in the Amount of $134,000 and Punitive Damages in the Amount of $150,000 from Jury At Trial. Plaintiff requests injunctive relief in the form of A Preliminary injunction and Temporary Restraining Order barring contact with prison staff defendants he has reported sexual harassment from. Declaratory Relief of An Outside PREA Compliance Manager. #027561  James McNeill

Date: January 1, 2018   by James C. McNeill  P.O. Box 3500 Butner

NC 27509